Gibson, J.,
dissenting. Regardless of whether there is a valid distinction between the rights acquired by a municipality in city streets and the rights acquired by the state by virtue of a limited easement in highways outside municipalities, such distinction does not apply in the instant case. In my opinion, the only question is whether a grant of “a perpetual aerial easement and right of way for public highway purposes” includes the right to construct a city water pipeline across the appellant’s property, albeit on the McGuffey Bridge. Moreover, I find no support for the appellee in the clause, ‘ ‘ or any other interference incidental thereto,” contained in the provision of the easement instrument waiving any claims for interference with light and air.
The property owner’s interest in exclusive possession is not limited to the surface; it extends above and below. By the well-established rule of the common law, every unauthorized entry upon the property of another is a trespass.
Clearly the easement granted here contemplated the construction of a bridge, which was part of a highway. By necessity it contemplated the movement of traffic and by express provision granted the state and its successors and assigns the right to enter the premises ‘‘at such times as the grantee deems necessary” for the purpose of maintaining and repairing the bridge. However, I can find no authority by express language or from necessary implication for the construction and maintenance of water pipelines across the appellant’s property.
We are not concerned, as the majority opinion would indicate, with whether the construction of the water pipelines over *215 appellant’s property constitutes an unreasonable burden. It is fundamental that no one has the right to exercise any dominion over appellant’s property, without its consent, even if such use might benefit the property owner.
In my opinion, there being no grant of a right of way or easement for the construction and maintenance of waterlines over the appellant’s property, the appellee should not be permitted to take appellant’s property without compensation. This is consistent with the long-standing rule that actual damages are not necessary for a trespass. Consequently, the judgment in this cause should be reversed and the cause remanded for trial.